UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| U & ME CHAMBERSBURG, LLC,<br><br>Plaintiff,<br><br>v.<br><br>PRIMANTI CORPORATION<br>*d/b/a Primanti Bros.,*<br><br>Defendant. | :<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: | Civil No. 1:26-cv-01069<br><br><br><br>(Magistrate Judge Schwab) |

**ORDER**
September 30, 2026

Because motions pursuant to Fed. R. Civ. P. 12(b)(6) are discouraged if the pleading defect is curable by amendment, **IT IS ORDERED** that the parties must meet and confer (either in person, via telephone, or via videoconference) prior to the filing of such a motion to determine whether the motion can be avoided. The duty to meet and confer extends to all parties, including those appearing pro se.

**IT IS ALSO ORDERED** that motions to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) must be accompanied by a certificate ("certificate of conference") of the movant stating that the moving party has made good faith efforts to confer with the nonmovant to determine whether the identified pleading deficiencies may be cured by amendment. Motions to dismiss that do not contain the required certificate of conference will be summarily denied without prejudice. A non-

moving party's failure to comply with this order, including a failure to timely engage in the meet-and-confer process, may result in the assessment of monetary and/or nonmonetary sanctions. Those sanctions may include, but are not limited to, an assessment of attorney's fees and costs associated with the filing of the motion to dismiss.

**IT IS FURTHER ORDERED** that the parties shall not unnecessarily oppose motions to amend the pleadings that are filed prior to the initial case management conference, within the time set forth in the parties' Joint Case Management Plan, or the court's case management order.

Mindful of the increased use of Generative Artificial Intelligence ("AI")—for example, OpenAI's ChatGPT and Google's Gemini—and the risk that use of such tools can result in legally or factually incorrect information and unsupported or nonexistent legal citations, **IT IS ALSO ORDERED** that when a party uses Generative AI in the preparation of a document in this case, that party shall file with that document a Certificate of Use of Generative AI in which the party must disclose and certify:

1. The specific Generative AI tool that was used;
2. The portions of the filing prepared by the Generative AI tool; and

3. A certification that a person has checked the accuracy of the portions of the filing prepared by the Generative AI tool, including all citations and legal authority.

This Certificate of Use of Generative AI requirement applies to all parties, whether they are pro se or represented by counsel.

We also remind the parties that they have ethical and professional obligations before this Court which may be implicated by the use of Generative AI. *See, e.g.*, Joint Formal Opinion of the Pennsylvania Bar Association and Philadelphia Bar Association regarding the use of Artificial Intelligence. Failure to comply with the Certificate of Use of Generative AI requirement may result in sanctions.

***S/Susan E. Schwab***
Susan E. Schwab
United States Magistrate Judge